# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **JAMES DEMOS**, | No. 1:23-cv-02828 |
| *Plaintiff,* | Hon. Joan H. Lefkow |
| v. | Magistrate Judge: |
| **JPMORGAN CHASE BANK, N.A.**, | Hon. Heather K. McShain |
| *Defendants.* |  |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT JPMORGAN CHASE BANK'S

## PRODUCTION OF DOCUMENTS AND AMENDED INTERROGATORY RESPONSE

Plaintiff, James Demos ("Plaintiff" or "Mr. Demos"), through undersigned counsel, hereby respectfully moves the Court for an order compelling complete production of documents in response to discovery requests and amended response to Interrogatory No. 2 which were propounded by Plaintiff upon Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"). Plaintiff's request is supported by a Memorandum of law, filed contemporaneously herewith.

Respectfully Submitted,

**For Plaintiff JAMES DEMOS**

s/ Stephanie R. Tatar

Stephanie R. Tatar (ARDC 6277514)
Tatar Law Firm, APC
3333 Warrenville Road, Suite 200
Lisle, IL 60532
p:312-423-4994
*Stephanie@TheTatarLawFirm.com*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.


*/s/ Stephanie R. Tatar*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JAMES DEMOS**, | No. 1:23-cv-02828 |
| *Plaintiff*, | |
| | Hon. Joan H. Lefkow |
| v. | |
| | Magistrate Judge: |
| **JPMORGAN CHASE BANK, N.A.**, | Hon. Heather K. McShain |
| *Defendants.* | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT JPMORGAN CHASE BANK'S PRODUCTION OF DOCUMENTS AND AMENDED INTERROGATORY RESPONSE

Plaintiff, James Demos ("Plaintiff" or "Mr. Demos"), through undersigned counsel, hereby submits his Memorandum in support of Plaintiff's Motion to Compel Document Production and Amended Interrogatory Response from Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase").

## I.      INTRODUCTION

Mr. Demos bears the burden of proof in this suit, brought in the exercise of his rights as a consumer under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§1693 *et. seq.* and the Illinois Consumer Fraud Act, ("ICFA") 815 ILCS 505/1.  This burden is made heavier than that of the average tort plaintiff by the fact that nearly all of the information relevant and necessary to proving key elements of either claim lie in the sole possession of Chase.  The parties have engaged in discovery for several months, but now find themselves at an impasse regarding document production and a response to Interrogatory No. 2, and in need of Court intervention.  As fully set forth below, Chase currently stands intransigent in its refusal to produce patently relevant documents and an amended response to Interrogatory No. 2 which are of enormous benefit to the resolution of Mr. Demos's case.  Mr. Demos respectfully moves the Court for an order compelling production of documents and an amended interrogatory response.

## II.      RELEVANT AND PROCEDURAL BACKGROUND

Mr. Demos initiated the instant suit on May 4, 2023, alleging violations of the EFTA and ICFA against Chase.  See Complaint and Demand for Jury Trial [Dkt. 1] ("Complaint").  Briefly, Mr. Demos's relevant allegations against Chase are as follows:

In May of 2022, Mr. Demos was alerted to the fact that someone had accessed his account and made several withdrawals from his checking account.  Complaint ¶ 17.  From May through July, several unauthorized transactions were made on his checking account, including four Zelle withdrawals totaling $8,000.  Complaint, ¶ 16, 21, 24.  Mr. Demos immediately disputed charges he believed were the result of this identity theft several times from May through July of 2022.  Complaint, ¶ 20, 26.  Despite Mr. Demos's best efforts, Chase refused to reverse all of the unauthorized charges because it believed that Mr. Demos had in fact sent the Zelle transfers to his son, Nicholas (Complaint, ¶ 31, 32) which Mr. Demos denied.

4

Mr. Demos alleges that Chase violated the EFTA and ICFA when it responded to his claim of identity theft and unauthorized transactions by deciding knowingly and willfully that his bank account was not in error when such a conclusion could not reasonably have been drawn from the evidence available at the time of Chase's investigation. Complaint ¶ 36. Mr. Demos claims that the investigation was unreasonable and was the result of insufficient procedures instituted and maintained by Chase. Complaint, ¶ 39. Mr. Demos also alleges that Chase's conduct is a pattern and practice of refusing to conduct investigations in a reasonable manner. Complaint ¶47-50.

On November 22, 2023, Mr. Demos propounded upon Chase his first set of requests for production of documents pursuant to Fed. R. Civ. P. 34 and interrogatories pursuant to Fed. R. Civ. P. 33. *See* Certification of Stephanie Tatar ("Tatar Cert."), ¶ 1. On or about December 7, 2023 Plaintiff's counsel sent Chase a draft protective order, in an effort to not delay the production of documents. Tatar Cert. ¶ 2. On January 8, 2024, Plaintiff received Chase's discovery responses. Tatar Cert. ¶ 1. In its response to Interrogatory No. 2, Defendant did not identify any employees with firsthand information related to the allegations in Plaintiff's Complaint, produced redacted documents, and responded that other documents would be forthcoming upon the entry of a protective order. Tatar Cert.. ¶ 3-6. On January 29, 2024, Plaintiff's counsel and Defendant's counsels conducted a telephonic meet and confer to discuss Chase's deficient discovery responses. Tatar Cert. ¶ 9. This was then followed up with an email memorializing the discussion and confirmation that Defendant would produce documents it was withholding after the entry of a protective order. Tatar Cert. ¶¶ 10, 12, Exhibit C.

A protective order was entered by Judge McShain on February 1, 2024. [Dkt 42]. Despite reassurances from Chase that it would produce the remaining documents it was withholding upon entry of the protective order, Chase has not and continues to refuse to produce documents responsive to Plaintiff's requests. On February 13, 2024, having not received the remainder of documents

withheld by Chase, Plaintiff's counsel sent an email to Defendant's counsel requesting documents it had previously promised to produce. Tatar Cert. ¶ 13, Exhibit D. In response to this demand, Defendant's counsel, Mr. Cecelio Porras, phoned Plaintiff's counsel and stated that Chase would not produce any other documents until a protective order was entered on Plaintiff's previously noticed Rule 30(b)(6) Deposition topics. Tatar Cert. ¶ 13. A motion related to the deposition topics has not, as of the time of this filing, been filed.

Chase's responses to certain of Mr. Demos's requests for production of documents and to Interrogatory No. 2 remain woefully insufficient. Once again, Plaintiff sent Defendant a request to meet and confer and set this video conference for 10:00 a.m. on February 14, 2024. Tatar Cert. ¶ 14. Plaintiff's counsel and Mr. Porras met as scheduled, but continue to disagree on the production of documents and identification of individuals with information, as requested in Interrogatory No. 2. Tatar Cert. ¶ 15. Counsel for Plaintiff has worked with Chase's counsel to encourage more thorough responses but has been unable to convince Chase's counsel to complete its discovery obligations.

### III.    LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 26,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

"Under Federal Rule of Civil Procedure 37(a), when a party does not respond properly to a discovery request, the party that issued the request may file a motion to compel a proper response." *Baxter Int'l, Inc. v. AXA Versicherung*, 224 F. Supp. 3d 648, 651 (N.D. Ill. 2016) (further citation

omitted). "[T]here is a strong public policy in favor of disclosure of relevant materials…" *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002).

"Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" Id. (quoting Fed.R.Civ.P. 26(b)(2)). "Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson*, 281 F.3d at 681 (internal quotations omitted) (further citations omitted). "Ultimately, the party objecting to discovery bears the burden to show that the requested discovery is improper." *Baxter Int'l, Inc*., 224 F. Supp. 3d at 651.

## VI.   FINANCIAL INSTITUTION'S LIABILITY UNDER THE EFTA

The EFTA governs a financial institution's conduct when a consumer alleges an unauthorized transaction has occurred.  15 U.S.C. § 1693(a) and (f).  Specifically, the EFTA requires banks, such as Chase, to conduct a reasonable investigation into a consumer's report of an unauthorized transaction (*see Wilson v. Harris, N.A.* 2007 WL 260851, at *2; *Green v. Capital One N.A.* 557 F. Supp. 441 (S.D.N.Y. 2021) and Consumer Fin. Prot. Bureau, Electronic Fund Transfers FAQs, *available at* www.consumerfinance.gov (see question 2 in "Error Resolution" section: "The investigation must be reasonable, including a reasonable review of relevant information within the financial institution's own records."). An investigation must be commence promptly upon timely dispute.  *See* Reg. E, 12 C.F.R. §1005.11(c) and accompanying interpretations.  The financial institution has the burden to show that the transaction was authorized.

## VII. ARGUMENT

The parties conferred in good faith regarding Chase's document production and response to Interrogatory No. 2. The parties were unable to resolve these issues. Chase continues to refuse to provide documents without redactions and documents responsive to multiple of Mr. Demos's requests. As described in turn below, all documents and information being withheld by Chase are well within the scope of discovery described by Fed. R. Civ. P. 26, being directly relevant to key considerations of Mr. Demos's case and requiring little to no effort on the part of Chase to provide.

### A. Request for Unredacted Copies of Account Statements and Correspondence as Kept by Chase

In response to multiple requests, Chase produced 212 pages of account statements and correspondence sent by Chase related to Mr. Demos's checking account. Tatar Cert. ¶ 3. These documents contain multiple redactions related to addresses, Teller ID numbers, account numbers, and disputed transaction descriptions. Tatar Cert. ¶ 4, Exhibit A. In its responses to Plaintiff's requests, Chase failed to justify its redactions. *Id.* Moreover, Chase did not produce a privilege log suggesting that these redactions are somehow warranted by attorney-client privilege. Indeed, Chase's only objection related to the production of these documents was that "it seeks information not in its present possession or control;" however, Chase ultimately elected to produce documents responsive to the request. *Id.*

Broad discovery of non-privileged matters is contemplated by the Federal Rule of Civil Procedure. Fed. R. Civ. Pro. 26. Having voiced no objections permitting Chase's redactions of these documents, Plaintiff respectfully requests that these documents be produced without redactions.

### B. Request for Documents Evidencing Investigations into Unauthorized Transactions

Plaintiff's Requests 5, 6 and 7 seek documents evidencing the investigations Chase undertook when Mr. Demos disputed the unauthorized transactions in his account. Tatar Cert. ¶ 5.    This production would necessarily include notes taken during the investigation process, account notes, call logs, call notes and other internal documents. These documents would illuminate Chase's investigation process in Plaintiff's quest to show that the investigation process was not reasonable, the investigation being central to Plaintiff's claims.  In response to these requests,  Chase stated: "Chase will produce information responsive to this Request upon the entry of a protective order concerning Chase's sensitive and confidential proprietary information.  Chase reserves the right to supplement its response to this Request should more information become available to it."  Tatar Cert. ¶ 6, Exhibit A.

The Court entered a protective order governing the exchange of sensitive and confidential proprietary information, on Defendant's motion, on February 1, 2024.  Dkt. 42.  To date, and despite Plaintiff's subsequent requests, Chase refuses to produce the documents it has withheld.  Plaintiff's counsel once again demanded production of these documents in an email and phone call dated February 13, 2024.  Tatar Cert. ¶ 13.  In response to this email, Defense counsel Cy Porras and Plaintiff's counsel conferred telephonically, wherein Mr. Porras stated it would not produce these documents because he had objections to various topics contained within Plaintiff's Notice of Deposition pursuant to Rule 30(b)(6).  *Id.*  Though Plaintiff's counsel informed Chase that the two were unrelated, Defense counsel continued to refuse to produce these documents. *Id.*

### C.      Request for Policies and Procedures

Plaintiff's Requests 9 and 10 sought production of Policies and Procedures pertaining to the way in which disputes and claims of unauthorized transactions are handled by Chase.  Tatar Cert. ¶5. Chase responded:  "Chase will produce information responsive to this Request upon the entry of a protective order concerning Chase's sensitive and confidential proprietary information.   Chase

reserves the right to supplement its response to this Request should more information become available to it." Tatar Cert. ¶ 6, Exhibit A. The protective order having been entered nearly two weeks ago; Chase continues to refuse to produce these documents.

### D. Audio recordings of calls

Plaintiff's Request 14 and 15 sought audio recordings of all calls between Mr. Demos, or anyone purporting to be Mr. Demos, and Chase which took place between April 1, 2022 and August 31, 2022. Tatar Cert. ¶ 5, Exhibit A. In its response, Chase objected on the grounds that the recordings were not relevant, and that the information sought was not in possession of Chase. Tatar Cert. ¶ 6. Chase further responded that it would produce information responsive to the requests upon entry of a protective order. *Id.*

The information sought is relevant to Mr. Demos's claims. Mr. Demos has plead that someone accessed his account, changed the address associated with his account, and conducted various transactions through his account. Complaint. ¶ 17, 19, 22. Chase is obligated to conduct a reasonable investigation into disputed transactions upon notice from a consumer. 15 U.S.C. § 1693(a). Mr. Demos's notices were either in person or telephonic. All call recordings during the relevant time frame are relevant to show that Mr. Demos put Chase on notice that he was disputing unauthorized transactions. This becomes even more critical given that Chase denied the allegations in Plaintiff's Complaint asserting that he had provided notice to Chase of unauthorized charges. *See* Defendant's Answer, Dkt. 11, ¶¶ 18-20, 26. Mr. Demos is also entitled to review call recordings between someone that was posing as him – this review may illustrate how the identity thief could not verify Plaintiff's information accurately, how Chase handled the verification of information prior to providing this thief access to Mr. Demos's account, or whether the voice was similar or so dissimilar to Mr. Demos's that the transactions should have been deemed unauthorized. Moreover, there is disagreement

regarding what Mr. Demos told Chase at various times. These call recording will serve to confirm the substance of each conversation and the notice Chase received.

Chase vaguely states that it is not in possession of these recordings, but also agrees to produce the recordings. Tatar Cert. ¶ 6. Because the recordings are relevant and made by Chase, and because Chase already agreed to produce them, Chase must produce these call recordings.

### E. Identification of Individuals with Firsthand Knowledge.

Plaintiff's counsel has also met and conferred a number of times with Defendant's attorneys to obtain an amended response to Interrogatory No. 2 which requested the names of individuals with firsthand knowledge of the facts alleged in Plaintiff's Complaint. Tatar Cert. ¶ 7. Defendant objected to this interrogatory on the basis that it was overbroad and unduly burdensome, as Defendant stated "it seeks the identity of multiple individuals who participated at various stages of the investigations of each of Plaintiff's eleven fraud claims, none of which is likely to have knowledge substantial enough to speak to any one of said claims. Chase correspondingly objects that this Interrogatory is not reasonably tailored to lead to the discovery of admissible evidence and lacks relevance." Tatar Cert. ¶ 8, Exhibit B.

Relatedly, in the meet and confer phone call which took place as a result of Chase's refusal to provide these names, Chase assured Plaintiff's counsel that this information can be obtained by reviewing the documents which would be produced when the protective order was entered. (Tatar Cert. ¶.11) – an assertion Plaintiff's counsel has no way of confirming given Chase's refusal to produce these documents.

The information requested is relevant and reasonably tailored as contemplated by Fed. R. Civ. P. 26(a) which requires the identification of individuals who have discoverable information. Fed. R. Civ. P. 26(a)(i). At a minimum, Chase must identify the individuals who took Mr. Demos's disputes, investigated his disputes and made a decision on his disputes. Plaintiff's counsel must be

given an opportunity to determine which of these depositions will be required; Defendant cannot be permitted to dictate Plaintiff's discovery process by limiting identifying information of witnesses.

Chase's objection that this request is burdensome and overbroad is likewise meritless. The request is narrowly tailored to individuals with knowledge of the facts and circumstances surrounding the unauthorized transactions and the investigation into these disputes. Defendant failed to substantiate how this narrowly tailored interrogatory was overly broad or unduly burdensome. A burden it bears: "The burden is upon the objecting party to show why a discovery request is improper." *Rubin v. Islamic Republic of Iran,* 349 F.Supp. 2d 1108, 111 (N.D. Ill 2004), *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3rd Cir. 1982) (party resisting discovery "must show specifically how…each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."). The only explanation gleaned from the various meet and confers was that there were simply so many employees to identify, and Defendant wanted to prevent Plaintiff's counsel from noticing up too many deposition. Tatar Cert. ¶ 13. However, "defendants do not get to determine unilaterally the scope and timing of discovery." Lucas v. GV Servs. L.P., 226 F.R.D. 328, 331 (N.D. Ind. 2004). If Plaintiff's attorney notices up or subpoenas depositions Defendant finds objectionable, Chase will then have an opportunity to object or move to quash. Defendant's concerns are not only premature, but also unfounded.

## IX.    CONCLUSION

Because Chase has failed to bear its burden of showing "that the requested discovery is improper" (*Baxter Int'l, Inc.,* 224 F. Supp. 3d at 651), nor could it given its agreement to produce the documents upon entry of a protective order, and "considering the totality of the circumstances [and] weighing the [enormous] value of the material sought against the [nonexistent] burden of providing it," as well as the "strong public policy in favor of disclosure," (*Patterson*, 281 F.3d at 681). Further, the identification of individuals with firsthand knowledge is a fundamental request contemplated by

Federal Rule 26(a).   Mr. Demos respectfully requests that the Court enter an order: (1) compelling Chase to produce (a) unredacted versions of documents previously produced (b) documents responsive to Plaintiff's Request for Production 5-7, 9-10, 14-15 and (c) an amended response to Interrogatory No. 2.

### X.  NDIL LR 37.2 CERTIFICATION

The undersigned certifies that Plaintiff's counsel Stephanie Tatar met and conferred with Defendant's attorneys regarding the contents of this Motion, pursuant to the requirements of Local Rule 37.2. Plaintiff's counsel met telephonically with Defendant's counsel on January 29, 2024, sent a follow up correspondence to Defendant on January 29, 2024.  Additionally,  the undersigned sent a follow up correspondence on February 13, 2024, met with Defendant's counsel via telephone on February 13, 2024 at 10:40 a.m.  Plaintiff's counsel and Defendant's counse also held a meet and confer conference via Zoom on February 14, 2024 at 10:00 a.m. regarding Defendant's production of documents and its response to Interrogatory No. 2.  *See* Tatar Certification.


DATED:  February 14, 2024                                  Respectfully Submitted,

                                                                              *s/Stephanie R. Tatar*
                                                                              Stephanie R. Tatar
                                                                              TATAR LAW FIRM, APC
                                                                              3333 Warrenville Road, Suite 200
                                                                              Lisle, IL 60532
                                                                              p:312-423-4994
                                                                              stephanie@thetatarlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2024, I electronically filed the foregoing Memorandum and accompanying Certification of Stephanie Tatar with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.


*/s/ Stephanie R. Tatar*