**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JAMES DEMOS**, | No. 1:23-cv-02828 |
| *Plaintiff*, | |
| | Hon. Joan H. Lefkow |
| v. | |
| | Magistrate Judge: |
| **JPMORGAN CHASE BANK, N.A.**, | Hon. Heather K. McShain |
| *Defendants.* | |

<u>**PLAINTIFF'S COUNSEL'S L.R. 37.2 CERTIFICATION SUBMITTED IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DEFENDANT JPMORGANCHASE BANK,
N.A.'S DOCUMENT PRODUCTION**</u>

I, Stephanie R. Tatar, Plaintiff's attorneys, hereby certify under 28 U.S.C. § 1746 to the

following:

1.      Plaintiff James Demos served discovery upon Chase on November 22, 2023 and

Defendant responded on January 8, 2024.  See Exhibit A – Responses to Request for

Production; Exhibit B – Responses to Interrogatories.

2.      I sent Defendant's attorneys a draft protective order on December 7, 2023, and

after a hearing, a Protective Order was entered by Judge McShain on February 1, 2024. [Dkt

42].

3.      Plaintiff James Demos moves to compel Defendant Chase to produce unredacted

copies of documents (bates-stamped CHASENCI 0001-000212) previously produced in response

to Plaintiff's discovery requests. *See* Defendant's Responses to Requests to Produce attached as

Exhibit A.

4.     Because the documents Chase produced are sensitive in nature, I have not attached copies of these documents.  The redactions relate to account numbers, addresses, teller ID numbers, Disputed Transaction Descriptions.  Should the Court require a review, I am prepared to produce them for an in camera review.

5.     Plaintiff also moves to compel production of documents, responsive to Requests 5-7, 9-10, 14-15:

**DEMAND NO. 5:**
All Documents evidencing that You investigated the Zelle transfers from Account ending in 3259 which Plaintiff disputed he did not make or authorize.

**DEMAND  NO. 6:**
All Documents evidencing that You investigated the Activity on Plaintiff's checking account, ending in 3259.

**DEMAND  NO. 7:**
All Documents evidencing that You investigated the "Realtime Transfer to Everyday Checking 0295 Transaction # 14851195540 Reference # 9851195540Rx" on July 20, 2022 Activity on Plaintiff's savings account, ending in 3259.

**DEMAND  NO. 9:**
   All Documents comprising Your policies and procedures to be taken in the event that a consumer alleges identity theft with regard to any charges, deposits, debits, transfers or withdrawals made to a CHASE BANK account such as in this case.

**DEMAND NO. 10:**
   All Documents comprising Your policies and procedures to be taken when an individual calls your telephone banking representatives which describe the procedures to be used to confirm the identity of the caller and ownership of the account seeking to be accessed.

**DEMAND NO. 14:**
   All audio recordings of any phone calls between any individual purporting to be Plaintiff and a CHASE BANK representative from April 1, 2022 through August 31, 2022.

**DEMAND NO. 15**
   All audio recordings of any phone call during which an individual accessed Plaintiff's accounts from April 1, 2022 through August 31, 2022.

6.      Defendant Chase agreed to produce documents responsive to these requests upon the entry of a protective order.  *See* Exhibit A, responses to 5-7, 9-10, 14-15. Specifically, in response to the requests 5-7 and 9-10, Defendant Chase stated:

"Chase will produce information responsive to this Request upon the entry of a protective order concerning Chase's sensitive and confidential proprietary information.  Chase reserves the right to supplement its response to this Request should more information become available to it." *Id.*

In response to Requests 15 and 15, Chase stated:
"Chase objects to Request 15 [and 15] in that it is overbroad and not limited to a request for recording relevant to this matter.  Chase further objects to Request No. 14 [and 15] as it seeks information not in its present possession or control.  Chase will produce information responsive to this Request upon the court's entry of a protective order concerning Chase's sensitive and confidential proprietary information.  Chase reserve the right to supplement its response to this Request should more information become available to it."

7.      Plaintiff also moves to compel Defendant to identify individuals with firsthand knowledge of the allegations contained in Plaintiffs Complaint, in response to Interrogatory No. 2.  *See* Defendant's Responses to Interrogatories attached as Exhibit B:

**Interrogatory No. 2**

Identify the name, last known address, present whereabouts, telephone number, and place of employment of each person known or believed by You to have firsthand knowledge of the facts and circumstances of the events alleged in the Complaint, have any other knowledge of discoverable facts, have had any involvement in any investigation or reinvestigation of Plaintiff's dispute, and have been contacted by anyone on Your behalf in response to Plaintiff's dispute of the transactions related to her accounts, as more fully described in her Complaint.

8.      In response to this Interrogatory, Defendant objected because the interrogatory "seeks the identity of multiple individuals who participated at various stages of the investigations of each of Plaintiff's eleven fraud claims, none of which is likely to have knowledge substantial enough

to speak to any one of said claims. Chase correspondingly objects that this Interrogatory is not reasonably tailored to lead to the discovery of admissible evidence and lacks relevance." Defendant only identified Plaintiff and his son Nicholas.

9.      On Monday, January 29, 2024, I conducted a telephonic meet and confer with Defendant's attorneys Cecelio Porras and Adrienne Arlan in an effort to overcome various objections to the discovery requests I served, and to obtain an agreement for amended responses.

10.      During that conversation, and as memorialized in my follow-up email on the same date, attached as Exhibit C, I requested Defendant identify all individuals with firsthand knowledge of Plaintiff's disputes.

11.      Defendant would not, nor has it to date, provided the names of any of its employees who have knowledge of the allegations contained in Plaintiff's complaint. During the January 29, 2024 conversation Ms. Adrienne Arlan indicated that they would think about this Interrogatory but that the information would be contained in the records Chase would produce after the entry of a protective order.

12.      In our meet and confer on January 29, 2024, I also requested that Defendant produce unredacted documents, video and phone call evidence, and all documents it was withholding until a protective order was entered. *See* Exhibit C. Defendant indicated to me, that once the protective order was entered, it would produce the documents it withheld "rather quickly." *Id.*

13.      Having received no amended response to Interrogatory No. 2, nor unredacted documents, nor any previously withheld documents, on February 13, 2024, I sent a follow up email to Defendant requesting it to provide the documents it withheld until the entry of a protective order. *See* Exhibit D. During a phone call at 10:40 a.m. on February 13, 2024, Mr.

Porras expressed his refusal to produce the documents he had previously indicated he would produce, until such time as this Court addressed Defendant's Motion for Protective Order related to Plaintiff's Rule 30(b)(6) deposition topics, a motion that had not yet been filed. Mr. Porras also indicated that Chase did not want Plaintiff to go on a "fishing expedition" and notice up or subpoena many depositions. I had informed Mr. Porras that he would have time to object and move to quash depositions if that was necessary, but at this point, I was not even able to determine which employees were even candidates for a deposition.

14. Once again, I reached out to Defendant's attorney on February 13, 2024 at 6:15 p.m. to revisit our earlier meet and confer, via video-conference. Mr. Porras agreed to meet February 14, 2024 at 10:00 a.m. *See* Exhibit D.

15. I met with Mr. Porras at 10:00 a.m. February 14, 2023 via Zoom. Mr. Porras indicated that it would not be producing documents at this time nor providing the identification of employees with firsthand knowledge until the Court ruled on Chase's Motion for Protective Order related to the Rule 30(b)(6) deposition topics, which it had not yet filed. During this video-conference, I informed Defendant's attorneys I would be filing the instant Motion to Compel witness information and documents.

16. Defendant's unreasonable refusal to produce the documents it stated it would produce has caused an unreasonable delay in the litigation of this matter. It has now caused the deposition of Defendant's 30(b)(6) witness deposition to be delayed, once again. It has prevented Plaintiff from moving forward with discovery and prevented Plaintiff from obtaining relevant and necessary information in prosecution of this matter.

17. The parties continue to be at an impasse on the production of documents and identification of witnesses.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


DATED: February 13, 2024                              Respectfully Submitted,

                                                     _s/Stephanie R. Tatar_
                                                     Stephanie R. Tatar
                                                     TATAR LAW FIRM, APC
                                                     3333 Warrenville Road, Suite 200
                                                     Lisle, IL 60532
                                                     p:312-423-4994
                                                     stephanie@thetatarlawfirm.com

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES DEMOS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No.: 1:23-cv-02828 |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) Honorable Judge Joan H. Lefkow |
| | ) |
| Defendant. | ) |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S FIRST REVISED RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS TO PRODUCE**

Defendant, JPMorgan Chase Bank, N.A., ("Chase") by its undersigned attorneys, and for

its Response to Plaintiff's First Set of Requests to Produce propounded by Plaintiff, James Demos

("Demos"), hereby states as follows:

**DEFINITIONS**

The following definitions shall apply:

1.    "Plaintiff" refers to Plaintiff James Demos.

2.    "Chase," "You," or "Your" means Defendant JPMORGAN CHASE BANK, N.A.

3.    "Communication(s)"    means    transmitted    or    conveyed    information.

Communications may include recorded messages, electronic mail, correspondence, memorandum,

or other documents containing the transmittal or exchange of information.

4.    "Data" refers to information stored in a database.

5.    "Document" is synonymous in meaning and equal in scope to the term "documents

or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy

is a separate document within the meaning of this term.

4858-3401-2059.v1.02112.81155

6.      "Person(s)" means a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

7.      "Present" is intended to be an ongoing term. To the extent additional documents become available after the date on which these requests are served, requests referring to the "present" cover those documents.

8.      "Relate(d) to" and "relating to" mean having any connection with the topic of the request or having some logical or causal connection between the information and the topic of the request.

9.      "State" means to declare, articulate, resolve, identify and/or describe.

10.     "Statement" shall have the same definition as set forth in Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to, a written statement or signed or otherwise adopted or approved by the person making it, and/or a stenographic, mechanical, electrical and/or other recording or transcription thereof, which is substantially a verbatim recital of an oral statement by the person making it.

11.     "Activity" as used in these requests means the debits, deposits, in-branch withdrawals, ATM withdrawals, Zelle transfers, person-to-person electronic transfers, transfers and charges that Plaintiff alleges were not made or authorized by him, as identified in his Complaint.

12.     All terms in **bold** have the same meaning as they do in the Electronic Fund Transfer Act, 15 U.S.C. Sec. 1601 et. seq. ("EFTA").

## CHASE'S GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

4858-3401-2059.v1.02112.81155

1.      Chase objects to each request to the extent it seeks the production of documents concerning "Plaintiff Monika Daniel" who is not a named party in this case. Plaintiff in this case is James C. Demos. Chase therefore objects to each of the foregoing requests as to relevance.

2.      Chase objects to each request to the extent it seeks documents that are protected by the attorney-client privilege, were prepared in anticipation of litigation or for trial, are marked as confidential pursuant to the Parties Agreed Protective Order for this case, or that are otherwise protected by the work product doctrine or other applicable privilege or doctrine.

3.      Chase objects to each request to the extent that the burden and expense of the discovery outweighs its likely benefit, and that the request is disproportionate to the needs of the case, the amount in controversy, the issues at stake, and the relative importance of discovery in resolving the issues.

4.      Chase reserves the right to amend and/or supplement its responses to Plaintiff's Requests for Production should more information become available to it.

5.      Chase will produce documents in response to any request only where expressly so stated. Any statement that Chase will produce documents in response to any request should not be taken as an indication that such documents exist, but only that Chase will produce such documents or information where the documents are located or at the offices of its counsel at a time and place to be agreed upon if the documents exist in its possession, custody, or control, and are not privileged or otherwise exempt from production under applicable law.

6.      Chase objects to these requests to the extent they seek information in the possession, custody, or control of other parties or third parties.

7.      Chase objects to these requests to the extent they are phrased in absolute terms. If a request asks for *all* documents on a particular subject, Chase, in responding to such request, will

4858-3401-2059.v1.02112.81155

undertake only to supply information or documents known to it at the time of the response or located after a reasonably diligent search, and will not undertake any obligation, express or implied, to represent that the response includes all documents that may exist.

8.    Chase objects to each request to the extent it attempts to seek discovery concerning claims, issues, or non-parties that are not at issue in this lawsuit on the grounds that such request is overbroad and burdensome and seeks information and/or documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9.    Chase objects to these requests because they do not contain a provision for the return of privileged or attorney work-product documents inadvertently produced by Chase. Inadvertent production by Chase of any documents that contain information that is confidential or privileged, were prepared in anticipation of litigation, or are otherwise immune from discovery, shall not constitute a waiver of any privilege or of any ground for objection to discovery with respect to such documents, or the subject matter thereof or the information contained therein, or of its right to object to use of any such document or information during any subsequent proceeding in this or any other action. Chase reserves its rights to seek the prompt return of any such confidential information inadvertently produced.

The foregoing General Objections are incorporated into and apply to each of the following responses. Each response to a request is made subject to and without waiving these General Objections, whether or not specifically reiterated any of Chase's below responses.

## RESPONSES

**DEMAND NO. 1**

All correspondence between You and Plaintiff in the past two years regarding his account with You ending in 3259.

4858-3401-2059.v1.02112.81155

**RESPONSE:** Chase objects to Request No. 1 in that it seeks information not in its present possession or control. Chase correspondingly objects that the information sought through this Request is currently within the possession and control of Plaintiff. Subject to and without waiving said objections, please see Chase's document production at ChaseNCI00001-000182 documenting all communications between Plaintiff and Chase on Plaintiff's various claims. Chase reserves the right to supplement its response to this Request should more information become available to it.

**DEMAND NO. 2:**

All Documents You received from Plaintiff regarding his accounts with You ending in

3259 in the past two years.

**RESPONSE:** Chase incorporates its objections to Request No. 1 as its objections to Request No. 2 as though fully set forth herein. Subject to and without waiving said objections, none. Chase reserves the right to supplement its response to this Request should more information become available to it.

**DEMAND NO. 3:**

All Documents comprising all investigations You undertook regarding Plaintiff's claim

that he was the victim of identity theft regarding his CHASE BANK account ending in 3259.

**RESPONSE:** Chase objects to Request No. 3 as vague and overbroad concerning Plaintiff's "claim…of identity theft" given the multiple identity theft allegations throughout his Complaint. Chase is therefore unable to provide a response as to Plaintiff's "claim…of identity theft." Subject to and without waiving said objections, Chase will produce information responsive to this Request upon the court's entry of a protective order concerning Chase's sensitive and confidential proprietary information. Chase reserves the right to supplement its response to this Request should more information become available to it.

**DEMAND NO. 4:**

All Documents reflecting the decision You made concerning Plaintiff's claim that he was

the victim of identity theft regarding his CHASE BANK accounts ending in 3259.

**RESPONSE:** Chase incorporates its response to Request No. 1 as its response to Request No. 4 as though fully set forth herein. Chase further objects to Request No. 3 as vague and overbroad concerning Plaintiff's "claim…of identity theft" given the multiple identity theft allegations throughout the Complaint. Chase is therefore unable to provide an answer as to Plaintiff's "claim" of identity theft. Chase reserves the right to supplement its response to this Request should more information become available to it.

**DEMAND NO. 5:**

- 5 -

4858-3401-2059.v1.02112.81155

All Documents evidencing that You investigated the Zelle transfers from Account ending in 3259 which Plaintiff disputed he did not make or authorize.

**RESPONSE:** Chase will produce information responsive to this Request upon the court's entry of a protective order concerning Chase's sensitive and confidential proprietary information. Chase reserves the right to supplement its response to this Request should more information become available to it.

## DEMAND NO. 6:

All Documents evidencing that You investigated the Activity on Plaintiff's checking account, ending in 3259.

**RESPONSE:** Chase will produce information responsive to this Request upon the court's entry of a protective order concerning Chase's sensitive and confidential proprietary information. Chase reserves the right to supplement its response to this Request should more information become available to it.

## DEMAND NO. 7:

All Documents evidencing that You investigated the "Realtime Transfer to Everyday Checking 0295 Transaction # 14851195540 Reference # 9851195540Rx" on July 20, 2022 Activity on Plaintiff's savings account, ending in 3259.

**RESPONSE:** Chase will produce information responsive to this Request upon the court's entry of a protective order concerning Chase's sensitive proprietary and confidential information. Chase reserves the right to supplement its response to this Request should more information become available to it.

## DEMAND NO. 8:

All Documents evidencing correspondence between You and any other person or entity (except for Your attorney) regarding Plaintiff, including e-mail transmissions, letters, electronically conveyed or facsimile.

**RESPONSE:** None. Chase reserves the right to supplement its response to this Request should more information become available to it.

4858-3401-2059.v1.02112.81155

**DEMAND NO. 9:**

All Documents comprising Your policies and procedures to be taken in the event that a consumer alleges identity theft with regard to any charges, deposits, debits, transfers or withdrawals made to a CHASE BANK account such as in this case.

**RESPONSE:** Chase will produce information responsive to this Request upon the court's entry of a protective order concerning Chase's sensitive proprietary and confidential information. Chase reserves the right to supplement its response to this Request should more information become available to it.

**DEMAND NO. 10:**

All Documents comprising Your policies and procedures to be taken when an individual calls your telephone banking representatives which describe the procedures to be used to confirm the identity of the caller and ownership of the account seeking to be accessed.

**RESPONSE:** Chase objects to the information sought through Request No. 10 as confidential and protected by law from disclosure pursuant to the Parties' Agreed Protective Order. Chase will produce information responsive to this Request upon the court's entry of a protective order concerning Chase's sensitive and confidential proprietary information. Chase reserves the right to supplement its response to this Request should more information become available to it.

**DEMAND NO. 11:**

Any and all Documents that refer to, relate to, or reflect Surveillance of Plaintiff or someone purporting to be Plaintiff. (For purposes of these Demands for Production, the term "Surveillance" as used herein means and includes a watch or observation kept over a natural person, including but not limited to video recordings, digital recordings and audio recordings.)

**RESPONSE:** Chase objects to Request No. 11 in that it is vague, ambiguous, and unclear as it is unclear what Plaintiff refers to as "a watch or objection kept over a natural person." Chase further objects as Request No. 11 seeks information not in its present possession or control. Subject to and without waiving said objection, none. Chase reserves the right to supplement its response to this Request should more information become available to it.

**DEMAND NO. 12:**

All video recordings taken from each ATM which was used to access Plaintiff's

CHASE BANK accounts from May 1, 2022 through July 31, 2022.

**RESPONSE:** Chase objects to Request No. 12 in that it is overbroad and not limited to a request for recordings relevant to this matter. Chase further objects to Request No. 12 as it seeks information not in its present possession or control. Subject to and without waiving said objection, none. Chase reserves the right to supplement its response to this Request should more information become available to it.

## DEMAND NO. 13:

All video recordings taken at each CHASE BANK branch where an individual accessed

Plaintiff's CHASE BANK accounts from May 1, 2022 through July 31, 2022.

**RESPONSE:** Chase objects to Request No. 13 in that it is overbroad and not limited to a request for recordings relevant to this matter. Chase further objects to Request No. 13 as it seeks information not in its present possession or control. Subject to and without waiving said objection, none. Chase reserves the right to supplement its response to this Request should more information become available to it.

## DEMAND NO. 14:

All audio recordings of any phone calls between any individual purporting to be Plaintiff

and a CHASE BANK representative from April 1, 2022 through August 31, 2022.

**RESPONSE:** Chase objects to Request No. 14 in that it is overbroad and not limited to a request for recordings relevant to this matter. Chase further objects to Request No. 14 as it seeks information not in its present possession or control. Chase will produce information responsive to this Request upon the court's entry of a protective order concerning Chase's sensitive and confidential proprietary information. Chase reserves the right to supplement its response to this Request should more information become available to it.

## DEMAND NO. 15

All audio recordings of any phone call during which an individual accessed Plaintiff's

accounts from April 1, 2022 through August 31, 2022.

**RESPONSE:** Chase hereby incorporates its response to Request No. 14, as its response to Request No. 15, as though fully set forth herein. Chase reserves the right to supplement its response to this Request should more information become available to it.

## DEMAND NO. 16

- 8 -

All audio recordings of any phone call between a Chase branch employee and Chase Fraud

Division between May 1, 2022 and August 31, 2022.

**RESPONSE:** Chase hereby incorporates its response to Request No. 14, as its response to Request No. 16, as though fully set forth herein. Chase reserves the right to supplement its response to this Request should more information become available to it.

Dated: January 8, 2024                      JPMORGAN CHASE BANK, N.A.

                                By: /s/ *Adrienne M. Arlan*
                                       One of Its Attorneys

Edmond M. Burke
Cecilio Porras
Adrienne M. Arlan
CHUHAK & TECSON, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, Illinois  60606
(312) 444-9300
eburke@chuhak.com
cporras@chuhak.com
aarlan@chuhak.com

## CERTIFICATE OF SERVICE

The undersigned attorney, certifies that a true and correct copy of the foregoing Defendant

JPMorgan Chase Bank, N.A.'s Response to Plaintiff's First Set of Requests to Produce was served

upon the below attorneys by email by the ___ day of January 2024.

> Stephanie R. Tatar
> Tatar Law Firm, APC
> 3500 West Olive Avenue, Suite 300 | Burbank, California 91505
> 3333 Warrenville Road, Suite 200 I Lisle, Illinois 60532
> Telephone: (323) 744-1146 | (312) 423-4994
> Facsimile: (323) 967-7775
> Stephanie@TheTatarLawFirm.com
> www.TheTatarLawFirm.com

> /s/ Adrienne M. Arlan_____

4858-3401-2059.v1.02112.81155

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DEMOS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2023 CV 02828 |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) Hon. Judge Joan H. Lefkow |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, JP Morgan Chase, ("Chase Bank") by its undersigned attorneys, and for its Answers to Plaintiff's First Set of Interrogatories propounded by Plaintiff, James Demos ("Demos"), hereby states as follows:

### INSTRUCTIONS

1.      In answering these interrogatories, Chase Bank must furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to Chase Bank, Chase Bank's Counsel, or any consultants, representatives, agents or others acting on behalf of Chase Bank.

2.      If Chase Bank is unable to answer fully any of these interrogatories, Chase Bank must answer them to the fullest extent possible, specifying the reason(s) for Chase Bank's inability to answer the remainder and stating whatever information, knowledge, or belief Chase Bank has concerning the unanswerable portion. An evasive or incomplete answer may be deemed to be a failure to answer, and may render Chase Bank and Chase Bank's Counsel liable for the expenses of a motion to compel a responsible and complete answer, including reasonable attorneys' fees.

4872-7035-6123.v1.02112.81155

3.      Chase Bank must object separately to each subpart, and if Chase Bank objects to less than all the subparts of a numbered interrogatory, then Chase Bank must answer the remaining subparts. In addition, if Chase Bank objects to an interrogatory or a subpart thereof as calling for information which is beyond the scope of discovery, Chase Bank must, nevertheless, answer the interrogatory or subpart thereof to the extent that it is not objectionable.

4.      For each interrogatory and subpart of each interrogatory, if the information furnished in Chase Bank's answer is not within Chase Bank's knowledge, identify each person to whom the information is a matter of knowledge, if known.

5.      Chase Bank must continue to supplement each interrogatory response once the information, document(s), and/or data responsive to each interrogatory request becomes available, and even after the close of the discovery period in this case.

## DEFINITIONS

1.      "Describe" when used in reference to a factual situation means to state with particularity and in detail all facts connected with, bearing upon, or relating in any way to matters contained in these interrogatories. Any description provided must include sufficient information to allow Plaintiff to conduct all appropriate discovery to the matter described.

2.      "Describe" when used in reference to a written or oral communication means to state in detail (1) the type of document or other communication; (2) the date made; (3) the persons involved in the communication; (4) the present location of the document or other recorded evidence of the communication; and (5) the subject matter of the document or other communication, including factual setting in which made, substantive content, and purpose of communication. Any description you provide must include sufficient information to allow Plaintiff to conduct all appropriate discovery to the matter described.

- 2 -

3.      "Identify" (or "state the identity of") with respect to a natural person means to state the person's full name, current or last known residence and business address, telephone number, current or last known employer, that employer's address, and the current or last known position or job title the person held.

4.      "Identify" (or "state the identity of") with respect to a document means to state the date of such document, if any; a general description thereof; identify the signer, preparer, or sender thereof; state its present location and identify its custodian; and state descriptive information of sufficient particularity to enable said document to be subject to a subpoena duces tecum or request for its production (if it has been produced, the Bates number should be included in the response).

5.      "Identify" (or "state the identity of") with respect to an entity (not a natural person) means to state its full name, the address of its principal place of business, and its telephone number.

6.      The definitions provided in Plaintiff's Requests for Production of Documents to Chase Bank, Set I apply.

### CHASE'S GENERAL OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

1.      Chase objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege, prepared in anticipation of litigation or for trial, marked as confidential pursuant to the Parties Agreed Protective Order for this case, or that is otherwise protected by the work product doctrine or other applicable privilege or doctrine.

2.      Chase objects to each interrogatory to the extent that the burden and expense of the discovery outweighs its likely benefit, and that the interrogatory is disproportionate to the needs of the case, the amount in controversy, the issues at stake, and the relative importance of discovery in resolving the issues.

3. Chase reserves the right to amend and/or supplement its answers to Plaintiff's Interrogatories.

4. Chase will produce information in response to any interrogatory only where expressly so stated. Any statement that Chase will produce information in response to any interrogatory should not be taken as an indication that such information exists, but only that Chase will produce such information where the information is located or at the offices of its counsel at a time and place to be agreed upon if the information exists in its possession, custody, or control, and is not privileged or otherwise exempt from production under applicable law.

5. Chase objects to these interrogatories to the extent they seek information in the possession, custody, or control of other parties or third parties.

6. Chase objects to these interrogatories to the extent they are phrased in absolute terms. If an interrogatory asks for *all* documents on a particular subject, Chase, in responding to such request, will undertake only to supply information known to it at the time of the answer or located after a reasonably diligent search, and will not undertake any obligation, express or implied, to represent that the answer includes all documents that may exist.

7. Chase objects to each interrogatory to the extent it attempts to seek discovery concerning claims, issues, or non-parties that are not at issue in this lawsuit on the grounds that such request is overbroad and burdensome and seeks information and/or documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8. Chase objects to these interrogatories because they do not contain a provision for the return of privileged or attorney work-product information inadvertently produced by Chase. Inadvertent production by Chase of any information that is confidential or privileged, prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of

any privilege or of any ground for objection to discovery with respect to such information, or the subject matter thereof or the information contained therein, or of its right to object to use of any document or information during any subsequent proceeding in this or any other action. Chase reserves its rights to seek the prompt return of any such confidential information inadvertently produced.

The foregoing General Objections are incorporated into and apply to each of the following answers. Each answer to an interrogatory is made subject to and without waiving these General Objections, whether or not specifically reiterated any of Chase's below answers.

## INTERROGATORIES

## INTERROGATORY NO. 1

State the name(s), business address(es), job title(s) or capacity(ies) of the officer, employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

**ANSWER:** Chase objects to Interrogatory 1 as unduly burdensome in that it requests the specification of each individual who provided answers to each interrogatory herein, which is exacerbated by the fact that discovery is ongoing. Subject to and without waiving said objection, Chase answers: Chase's Corporate Representative, Kevin Kesterson, with the assistance of counsel. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 2

Identify the name, last known address, present whereabouts, telephone number, and place of employment of each person known or believed by You to have firsthand knowledge of the facts and circumstances of the events alleged in the Complaint, have any other knowledge of discoverable facts, have had any involvement in any investigation or reinvestigation of Plaintiff's dispute, and have been contacted by anyone on Your behalf in response to Plaintiff's dispute of the transactions related to her accounts, as more fully described in her Complaint.

**ANSWER:** Chase objects to Interrogatory 2 as overbroad and unduly burdensome, in that it seeks the identity of multiple individuals who participated at various stages of the investigations of each of Plaintiff's eleven fraud claims, none of which is likely to have knowledge substantial enough to speak to any one of said claims. Chase correspondingly objects that this Interrogatory is not reasonably tailored to lead to the discovery of admissible evidence and lacks relevance. Lastly, Chase objects to this Interrogatory to the extent it seeks information, including firsthand knowledge of Plaintiff's eleven fraud claims, which is within the exclusive possession and control of Plaintiff himself. Subject to and without waiving said objections, James Demos and Nicholas Demos, whose present whereabouts, telephone number, and places of employment are unknown. Investigation continues. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 3

Identify Your policies and procedures used to comply with 15 U.S.C. Sec. 1693 et seq.

**ANSWER:** Chase objects to the information sought through Interrogatory 3 as confidential. Subject to and without waiving said objection concerning the confidentiality of Chase policies and procedures, Chase will produce the requested relevant portions of its policies and procedures upon entry of a protective order by the Court. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 4

Identify Your policies and procedures which You employ to investigate a customer's

claim of identity theft.

**ANSWER:** Chase objects to the information sought through Interrogatory 4 as confidential. Subject to and without waiving said objection concerning the confidentiality of Chase policies and procedures, Chase will produce the requested relevant portions of its policies and procedures upon entry of a protective order by the Court. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 5

Identify Your policies and procedures which You employ to investigate a customer's

claim that a Zelle transaction was not authorized by a customer.

**ANSWER:** Chase incorporates its answers and objections to Interrogatories 3 and 4, as its answers and objections to Interrogatory 5, as though fully set forth herein. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

- 6 -

**INTERROGATORY NO. 6**

Do You contend that Plaintiff was not the victim of identity theft with regard to all of the

Activity ("Activity" as used in these interrogatories means the debits, deposits, in-branch

withdrawals, ATM withdrawals, point-of-sale purchases, purchases, Zelle transfers and charges

that Plaintiff alleges were not made or authorized by him, as identified in his Complaint) he

disputed on his Chase Bank account ending with 3259?

**ANSWER:**    Chase objects to Interrogatory 6 on the basis of non-specificity as to "all Activity,"
given that Plaintiff's multiple claims are based on various allegations of fraud, including but not
limited to identity theft. Chase further objects to Interrogatory 6 on the basis of relevance. Subject
to and without waiving said objections, Chase denies that Plaintiff was the victim of identity theft
as to "all Activity" concerning his prior Chase Bank account ending in 3259. Chase reserves the
right to supplement its answer and objections to this Interrogatory should further information
become available to it.

**INTERROGATORY NO. 7:**

If You do contend that Plaintiff was not the victim of identity theft with regard to all of the

Activity he disputed on his Chase Bank account, please state all facts upon which You base Your

contention.

**ANSWER:**    Chase incorporates its answers and objections to Interrogatory 6, as its answers and
objections to Interrogatory 7, as though fully set forth herein. Further answering, Chase relied upon
its customer claims notes, Plaintiff's account history, and its policies and procedures, *inter alia*, to
investigate and render timely determinations with respect to Plaintiff's eleven total claims. Chase
reserves the right to supplement its answer and objections to this Interrogatory should further
information become available to it.

**INTERROGATORY NO. 8:**

Please Identify (for purposes of these Interrogatories, "Identify" when applied to a Person

means to Identify the Person with sufficient particularity to support the issuance of a subpoena,

including the Person's name, last known business Address, last known business telephone number,

last known residence Address, last known residence telephone number, and job title; "Person"

includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity; "Address" means the street address, including the city, state and ZIP code) each representative of Yours who investigated Plaintiff's disputes regarding Activity on his account.

**ANSWER:** Chase incorporates its answers and objections to Interrogatory 2, as its answers and objections to Interrogatory 8, as though fully set forth herein. Chase further objects to this Interrogatory as unduly burdensome, and not reasonably tailored to lead to the discovery of admissible evidence, given the extensive identifying information requested for each Chase representative that participated in the investigation of Plaintiff's eleven fraud claims. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 9:

Describe Your procedures which You used to perform an investigation of Plaintiff's claim of identity theft.

**ANSWER:** Chase objects to Interrogatory 9 on the basis of confidentiality. Subject to and without waiving said objection concerning the confidentiality of Chase policies and procedures, Chase will produce the requested relevant portions of its policies and procedures upon entry of a protective order by the Court. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 10:

Describe Your procedures which You used to perform an investigation of Plaintiff's claim of unauthorized Zelle transfer.

**ANSWER:** Chase objects to Interrogatory 10 on the basis of confidentiality concerning the confidentiality of Chase policies and procedures as acknowledged by the Parties' Agreed Protective Order for this case. Chase further objects to this Interrogatory on the basis of non-specificity as to "Plaintiff's claim of unauthorized Zelle transfer" given that Plaintiff's Complaint claims multiple unauthorized Zelle transfers from May through July of 2022. Subject to and without waiving said objections, Chase will produce the requested relevant portions of its policies and procedures upon entry of a protective order by the Court. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

4872-7035-6123.v1.02112.81155

**INTERROGATORY NO. 11:**

Please state all facts You ascertained which led You to believe that Plaintiff was not the

victim of identity theft regarding his disputes on the Activity to his accounts.

**ANSWER:**    Chase objects to Interrogatory 11 as vague and overbroad given that it does not
specify which identity theft "disputes" Plaintiff refers to. Subject to and without waiving said
objections, the information Chase relied upon concerning any of Plaintiff's disputed transactions
are Chase's claim notes for Plaintiff's Chase Bank account, Plaintiff's statements and account
history, and Chase's policies and procedures on identity theft, *inter alia*. Chase reserves the right
to supplement its answer and objections to this Interrogatory should further information become
available to it.

**INTERROGATORY NO. 12:**

Please state all facts You ascertained which led You to believe that the Zelle transfers

Plaintiff disputed were authorized.

**ANSWER:**    Chase objects to Interrogatory 12 as vague and overbroad given that it does not
specify to which of Plaintiff's multiple "Zelle transactions" he refers. Subject to and without
waiving said objections, the information Chase relied upon concerning any of Plaintiff's disputed
transactions are Chase's claim notes for Plaintiff's Chase Bank account, and Plaintiff's statements
and account history, *inter alia*. Further answering, Chase's claim notes for Plaintiff's account
concerning one $8,000.00 claim (made of four $2,000.00 transactions to his son, Nicholas Demos),
show that Plaintiff verified these transactions with a Chase claims specialist. Given Plaintiff's
statements, Chase verified that the four $2000.00 transactions were authorized by him, and
correspondingly, that the transactions were not fraudulent. Chase reserves the right to supplement
its answer and objections to this Interrogatory should further information become available to it.

**INTERROGATORY NO. 13:**

When did You receive an identity theft affidavit and/or police report from Plaintiff?

**ANSWER:**    Chase objects to Interrogatory 13 in that it has not received, and is therefore not in
possession or control of, any affidavits and/or police reports concerning Plaintiff's claims of
alleged identity theft. Chase reserves the right to supplement its answer and objections to this
Interrogatory should further information become available to it.

**INTERROGATORY NO. 14:**

Identify Your employees that reviewed Plaintiff's identity theft affidavit or police report

and when Your employees reviewed same.

4872-7035-6123.v1.02112.81155

**ANSWER:** Chase incorporates its answers and objections to Interrogatory 13, as its answers and objections to Interrogatory 14, as though fully set forth herein. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 15:

On what dates did You conduct your investigation into Plaintiff's May 2022 dispute?

**ANSWER:** Chase objects to Interrogatory 15 as vague and overbroad concerning Plaintiff's "May 2022 dispute." Plaintiff's Complaint timeline of "May, June and July of 2022" encompasses several May 2022 transactions disputed by him. Chase further objects to this Interrogatory on the basis of relevance given that all of Plaintiff's May 2022 claims were timely investigated and resolved by Chase. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 16:

On what dates did You conduct your investigation into Plaintiff's June 2022 dispute?

**ANSWER:** Chase objects to Interrogatory 16 as vague and overbroad concerning Plaintiff's "June 2022 dispute." Plaintiff's Complaint timeline of "May, June and July of 2022" encompasses more than one June 2022 transaction disputed by him. Chase further objects on the basis of relevance given that both of Plaintiff's June 2022 claims were timely investigated and resolved by Chase. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 17:

On what dates did You conduct your investigation into Plaintiff's July 2022 dispute?

**ANSWER:** Chase objects to Interrogatory 17 as vague and overbroad concerning Plaintiff's "July 2022 dispute." Plaintiff's Complaint timeline of "May, June and July of 2022" encompasses more than one July 2022 transaction disputed by Plaintiff. Chase further objects on the basis of relevance given that both of Plaintiff's July 2022 claims were timely investigated and resolved by Chase. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

## INTERROGATORY NO. 18:

Please Identify all persons you spoke with during your investigation into Plaintiff's

disputes and disputed activity.

**ANSWER:** Chase incorporates its answers and objections to Interrogatory 2, as its answers and objections to Interrogatory 18, as though fully set forth herein. Chase reserves the right to

- 10 -

supplement its answer and objections to this Interrogatory should further information become available to it.

**INTERROGATORY NO. 19:**

Identify by caption, court, civil action number and result all litigation filed against You

alleging violations of the Electronic Fund Transfer Act.

**ANSWER:** Chase objects to Interrogatory 19 as vague, overbroad, unduly burdensome, and not reasonably tailored to lead to the discovery of admissible evidence, given Plaintiff's request for "all" litigation filed against it concerning the Electronic Funds Transfer Act. Chase further objects to this Interrogatory on the bases of confidentiality and attorney-client privilege concerning non-parties to this lawsuit and independent claims not presently at issue. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

**INTERROGATORY NO. 20:**

Identify all contacts with any person other than Plaintiff made in connection with the

investigation of the disputed Activity that is the subject of this lawsuit including, but not limited to,

who was contacted regarding this activity including any witness(es) to such contacts, the date and

time such contacts were made, whether such contacts were made orally or in writing, the substance

of said contacts, and Identify and describe any documents relating to such contacts.

**ANSWER:** Chase incorporates its answer and objections to Interrogatory 2, with respect to James Demos, as its answers and objections to Interrogatory 20, as though fully set forth herein. Chase reserves the right to supplement its answer and objections to this Interrogatory should further information become available to it.

Dated: January 8, 2024                    JPMORGAN CHASE BANK, N.A.

                                           By: /s/ *Adrienne M. Arlan*
                                           One of Its Attorneys

Edmond M. Burke
Cecilio Porras
Adrienne M. Arlan
CHUHAK & TECSON, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, Illinois 60606

4872-7035-6123.v1.02112.81155

(312) 444-9300
eburke@chuhak.com
cporras@chuhak.com
aarlan@chuhak.com

4872-7035-6123.v1.02112.81155

**VERIFICATION**

I, Kevin Kesterson, am a Business Analysis Manager at JPMorgan Chase Bank, N.A., and

based on reasonable inquiry state under penalty of perjury that the foregoing answers are true and

correct to the best of my knowledge, information and belief, except as otherwise stated.

/s/_____                Date: __January 8, 2024_____

Kevin Kesterson
Business Analysis Manager
JPMorgan Chase Bank, N.A.

4872-7035-6123.v1.02112.81155

## CERTIFICATE OF SERVICE

The undersigned attorney, certifies that a true and correct copy of the foregoing Defendant

JPMorgan Chase Bank, N.A.'s Answers to Plaintiff's First Set of Interrogatories was served upon

the below attorneys by email on the _____ day of January, 2024.

Stephanie R. Tatar
Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300 | Burbank, California 91505
3333 Warrenville Road, Suite 200 I Lisle, Illinois 60532
Telephone: (323) 744-1146 | (312) 423-4994
Facsimile: (323) 967-7775
Stephanie@TheTatarLawFirm.com
www.TheTatarLawFirm.com

*/s/ Adrienne M. Arlan*

- 14 -

**EXHIBIT C**



**Stephanie Tatar**
**<stephanie@thetatarlawfirm.com>**

---

# Demos v. Chase Rule 37 meet and confer re Defendant's Discovery Responses

1 message

---

**Stephanie Tatar**
<stephanie@thetatarlawfirm.com>

Mon, Jan 29,
2024 at 12:19
PM

To: "Adrienne M. Arlan" <aarlan@chuhak.com>, "Cecilio I. Porras" <CPorras@chuhak.com>

Good morning: I'm writing to confirm our meet and confer conference related to Chase's discovery responses. This is just a summary of our discussions. If anything stands out as completely inaccurate, please let me know.

Interrogatory No. 2: I addressed Chase's response which Identified only Mr. Demos and Nicholas Demos. I have asked you to identify the individuals with firsthand knowledge of the allegations (disputes and who made the decision to deny Mr. Demos's claims). You indicated you would get back to me. This information is critical to this case, as who reviewed

these claims and what they decided are the focus of the EFTA claims against Chase.  I'd appreciate a revised response within 7 days.

Interrogatory no. 7:  I had requested that you provide me the facts which you based your decision that Mr. Demos was not a victim of identity theft.  You indicated that you would be standing on your response.  You also indicated that this information is contained in the records being produced after the entry of the protective order.

Interrogatories 15-17:  I will amend these so that these are clearer.

Interrogatory 18 and 20 ask you to identify who Chase talked to (and who was contacted in writing) during its investigations.  Your responses  (pointing my attention to response to No. 2) does not answer the question.  I stated that who Chase talked to or contacted  during its investigation was relevant to the reasonableness of the investigation.  You stated that you believed that no one outside was contacted but that you would clarify.

Interrogatory 19 requests case information pertaining to lawsuits filed against chase for violations of EFTA.  We discussed the burden of producing this, and I stated that the burden on Plaintiff was much greater.  You stated that you would think on this and let me know.  I also agreed to limit this to the last five years.

As for the Requests to Produce, you stated that after the court's decision on the protective order you would be able to get me documents rather quickly. I'd like them via email by next wednesday so that I can notice up relevant depositions before the end of discovery.

I had also asked you to produced unredacted documents. You said you would check with your client.

Finally, something I did not mention on the phone but I want to address as part of this meet and confer: I requested copies of phone calls and other video evidence, if it exists. You did not provide any, and I don't see how this would be subject to the protective order. Please provide me phone call recordings and any videos of my client or someone purporting to be my client within seven days.

Thanks for taking the time out to discuss these issues with me today.

--Stephanie
Stephaie

--

Stephanie R. Tatar

# Tatar Law Firm, APC



3500 West Olive Avenue, Suite 300 | Burbank, California 91505
3333 Warrenville Road, Suite 200 I Lisle, Illinois 60532

Telephone: (323) 744-1146 | (312) 423-4994
Facsimile: (323) 967-7775

Stephanie@TheTatarLawFirm.com
**www.TheTatarLawFirm.com**

Licensed to Practice in Illinois and California

## NOTICE

This communication may contain information that is privileged, confidential and/or exempt from disclosure under applicable law, including but not limited to the Electronic Communications Privacy Act, 18 USC 2510-2521, the attorney-client privilege, or the attorney work product doctrine. Any dissemination, distribution, copying, or use of this communication by or to anyone other than the designated and intended recipient named above is unauthorized and is strictly prohibited. If you are not the intended recipient named above, please delete and/or destroy this communication immediately.

Statement Required by U.S. Treasury Department: The U.S. Treasury Department requires us to inform you that, if any advice concerning one or more U.S. Federal tax issues is contained

in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**EXHIBIT D**



**Stephanie Tatar**
**<stephanie@thetatarlawfirm.com>**

---

# Re: Demos v. Chase

1 message

---

**Stephanie Tatar** <stephanie@thetatarlawfirm.com>
To: "Cecilio I. Porras" <CPorras@chuhak.com>
Cc: "Adrienne M. Arlan" <AArlan@chuhak.com>

I prefer to zoom.  Thank you for squeezing this in tomorrow
information:
Stephanie Tatar is inviting you to a scheduled Zoom meetin

Join Zoom Meeting
https://us06web.zoom.us/j/84380376665?pwd=d1I6Ky0BiL

Meeting ID: 843 8037 6665
Passcode: 358594

---

One tap mobile
+13126266799,,84380376665#,,,,*358594# US (Chicago)
+13092053325,,84380376665#,,,,*358594# US

Stephanie R. Tatar

# Tatar Law Firm, APC



3500 West Olive Avenue, Suite 300 | Burbank, California 9
3333 Warrenville Road, Suite 200 I Lisle, Illinois 60532

Telephone: (323) 744-1146 | (312) 423-4994
Facsimile: (323) 967-7775

Stephanie@TheTatarLawFirm.com
**www.TheTatarLawFirm.com**

Licensed to Practice in Illinois and California

## NOTICE

This communication may contain information that is privileged, confident
but not limited to the Electronic Communications Privacy Act, 18 USC 2!
product doctrine. Any dissemination, distribution, copying, or use of this
and intended recipient named above is unauthorized and is strictly prohil
delete and/or destroy this communication immediately.

Statement Required by U.S. Treasury Department: The U.S. Treasury D
one or more U.S. Federal tax issues is contained in this communication
to be used, and cannot be used, for the purpose of (i) avoiding penalties
recommending to another party any transaction or matter addressed her

On Tue, Feb 13, 2024 at 6:21 PM Cecilio I. Porras <CPorra

That will work. Please just call my direct dial below

---



**Cecelio "Cy" Porras**
Attorney

120 S. Riverside Plaza | Suite 1700 | Chicago,
**D** 312.855.4314 | **O** 312.444.9300 | **F** 312.4
CPorras@chuhak.com | www.chuhak.com

**Confidentiality Notice:** The information contained in
confidential information. It is intended only for the use
are not the intended recipient, you are notified that
storage or use of this communication is prohibited If y
notify us immediately by e-mail, attaching the original
your computer, and any network to which your comput
information in this message that do not relate to the of
understood as neither given, nor endorsed by it.

**From:** Stephanie Tatar <stephanie@thetatarlawfirr

**Sent:** Tuesday, February 13, 2024 6:20 PM
**To:** Cecilio I. Porras <CPorras@chuhak.com>
**Cc:** Adrienne M. Arlan <AArlan@chuhak.com>
**Subject:** Re: Demos v. Chase

Could you meet at 10:00 am for 15 or so minutes? Will th

Stephanie R. Tatar
**Tatar Law Firm, APC**

3500 West Olive Avenue, Suite 300 | Burbank, California

3333 Warrenville Road, Suite 200 I Lisle, Illinois 60532

Telephone: (323) 744-1146 | (312) 423-4994
Facsimile: (323) 967-7775

Stephanie@TheTatarLawFirm.com
**www.TheTatarLawFirm.com**

Licensed to Practice in Illinois and California

**NOTICE**
This communication may contain information that is privileged, confide
law, including but not limited to the Electronic Communications Privac
attorney work product doctrine. Any dissemination, distribution, copyir
designated and intended recipient named above is unauthorized and
named above, please delete and/or destroy this communication imme

Statement Required by U.S. Treasury Department: The U.S. Treasury
advice concerning one or more U.S. Federal tax issues is contained ir
is not intended or written to be used, and cannot be used, for the purp
(ii) promoting, marketing or recommending to another party any transa

On Tue, Feb 13, 2024 at 6:16 PM Cecilio I. Porras <CPor

    Hi Stephanie,

I have a hearing at 11 AM but am available befor

Thanks,

---

**CHUHAK
TECSON**

Cecilio "Cy" Porras
Attorney

120 S. Riverside Plaza | Suite 1700 | Chica
**D** 312.855.4314 | **O** 312.444.9300 | **F** 3
CPorras@chuhak.com | www.chuhak.com

**Confidentiality Notice:** The information containe
confidential information. It is intended only for the
are not the intended recipient, you are notified
storage or use of this communication is prohibite
notify us immediately by e-mail, attaching the orig
your computer, and any network to which your con
information in this message that do not relate to th
understood as neither given, nor endorsed by it.

**From:** Stephanie Tatar <stephanie@thetatarlaw
**Sent:** Tuesday, February 13, 2024 6:15 PM

**To:** Cecilio I. Porras <CPorras@chuhak.com>; *
**Subject:** Demos v. Chase

Cy - following up on our meet and confer this morning.
conference Wednesday morning.  Are you available ar
earliest convenience.

Thanks,

Stephanie Tatar

--

Stephanie R. Tatar
**Tatar Law Firm, APC**

3500 West Olive Avenue, Suite 300 | Burbank, Californ

3333 Warrenville Road, Suite 200 I Lisle, Illinois 6053

Telephone: (323) 744-1146 | (312) 423-4994

Facsimile: (323) 967-7775

Stephanie@TheTatarLawFirm.com

**www.TheTatarLawFirm.com**

Licensed to Practice in Illinois and California

## NOTICE

This communication may contain information that is privileged, cor

law, including but not limited to the Electronic Communications Pri

attorney work product doctrine. Any dissemination, distribution, co

designated and intended recipient named above is unauthorized a

named above, please delete and/or destroy this communication im

Statement Required by U.S. Treasury Department: The U.S. Treas

advice concerning one or more U.S. Federal tax issues is containe

is not intended or written to be used, and cannot be used, for the p

or (ii) promoting, marketing or recommending to another party any